IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE TERRY, TERRY WATT, ROY PARNELL, JOHANNA GUYTON, LUISA and JORGE BOLO, SELVIN and BEATRICE QUIRE, JUAN BAEZ, and CRUZ RIVERA and JULIE NORADIN,<br><br>        Plaintiffs<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, AMERIQUEST CAPITAL CORPORATION, ACC CAPITAL HOLDINGS, INC., AMERIQUEST MORTGAGE SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, DAWN ARNALL and WAYNE LEE<br><br>        Defendants | Case No.: 08CV2475<br><br>Honorable David H. Coar<br><br>**DEFENDANT ARGENT MORTGAGE SECURITIES' MOTION TO ENLARGE TIME TO ANSWER** |

Now comes Defendant Argent Mortgage Securities, Inc. ("AMS") and states its Motion to Enlarge Time To Answer as follows:

1.    On August 5, 2008, Plaintiffs in the above-captioned matter filed an Amended Complaint naming "Argent Securities, Inc." as a defendant.

2.    AMS was served with a copy of the Amended Complaint on August 7, 2008.[1]

3.    AMS' answer is currently due on August 27, 2008.  Fed. R. Civ. P. 12(a)(1)(A)(i).  On that date, AMS intends to file a motion to dismiss Counts II and III of the Amended Complaint.  Presently, AMS intends to answer Count I of the Amended Complaint.

---

[1]    Plaintiffs incorrectly referred to AMS as "Argent Securities, Inc." in their Amended Complaint.

1

4. Federal Rule of Civil Procedure 12(a)(4) provides that "[u]nless the court sets a different time, serving a motion under [Rule 12] alters [the period within which to file an answer] as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action . . . " Fed. R. Civ. P. 12(a)(4).

5. In this District, the filing of a partial motion to dismiss allows for the altering of Rule 12(a) time limits for all claims in a complaint – not just the claims that are the subject of the motion. *See Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997) ("We . . . find that a partial motion to dismiss allows for altering the limits of Fed.R.Civ.P. 12(a) with respect to answering those claims not addressed in Defendants' motion."); *Porter v. United States Department of the Army*, No. 93 C 6900, 1995 WL 461898, at *4 (N.D. Ill. July 17, 1995) ("Courts in this Circuit have held that a timely filed Rule 12(b) motion alters the statutory period for filing an answer, and the defendant is justified in withholding an answer pending adjudication of its pre-answer motion. The time extension applies to an answer for the entire complaint and not just to answers for the portions of the complaint that the motion addresses.").

6. Consistent with this authority, Defendants respectfully request that this Court enter an order permitting AMS to answer Count I of the Amended Complaint within ten days of this Court's ruling on AMS' motion to dismiss, which will be filed on August 27, 2008.

DATED:  August 26, 2008

Respectfully submitted,

By: /s/  Thomas J. Wiegand
*Attorney for Argent Mortgage Securities, Inc.*

Thomas J. Wiegand
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700
twiegand@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all parties.

/s/ Thomas J. Wiegand_____
Attorney for Argent Mortgage Securities, Inc.