IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE TERRY, TERRY WATT, ROY PARNELL, JOHANNA GUYTON, LUISA and JORGE BOLO, SELVIN and BEATRICE QUIRE, JUAN BAEZ, and CRUZ RIVERA and JULIE NORADIN,<br><br>               Plaintiffs<br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, AMERIQUEST CAPITAL CORPORATION, ACC CAPITAL HOLDINGS, INC., AMERIQUEST MORTGAGE SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, DAWN ARNALL and WAYNE LEE<br><br>               Defendants | Case No.: 08CV2475<br><br>Honorable David H. Coar<br><br>**DEFENDANT ARGENT MORTGAGE SECURITIES' MOTION TO DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT** |

      Now comes Defendant Argent Mortgage Securities, Inc. ("Argent Mortgage Securities") and states its Motion to Dismiss Counts II and III of the Amended Complaint as follows:

      1.     On August 5, 2008, Plaintiffs in the above-captioned matter filed an Amended Complaint naming "Argent Securities, Inc." as a defendant.[1]

      2.     Count I of the Amended Complaint alleges that certain Defendants violated the federal Truth in Lending Act ("TILA). Count II alleges that certain Defendants violated the Illinois Consumer Fraud Act. Count III alleges that various Defendants participated in fraudulent conveyances in violation of the Illinois Uniform Fraudulent Transfer Act ("IUFTA").

---

[1] While Plaintiffs misstated Argent Mortgage Securities' name in the Amended Complaint, Argent Mortgage Securities was served with the Amended Complaint on August 7, 2008.

3. To state a claim in federal court, a plaintiff must "give the defendant … the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotation omitted). Federal courts require "more than … merely creat[ing] a suspicion of a … cause of action," and more than stating "a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 U.S. 1955, 1965 (2007) (citations omitted). To the contrary, a plaintiff needs to allege "enough facts to state a claim to relief that is plausible on its face." *See Heissner v. Genzyme Corp.*, No. 08-C-593, 2008 U.S. Dist. LEXIS 60569, at *4 (N.D. Ill. July 25, 2008) (Coar, J.) (quoting *Twombly*).

4. Further, all averments of fraud, and the circumstances constituting fraud, must be stated with particularity. Fed. R. Civ. P. 9(b); *Boyd Machine and Repair Co., Inc. v. D & L Indus. Servs., Inc.*, 100 F. Supp. 2d 898, 900 (N.D. Ill. 2000). This rule requires plaintiffs to perform a sufficient investigation into their fraud allegations before filing their complaint. *Id.* at 900. Plaintiffs must "state 'the who, what, when, where, and how.'" *E.g., Boyd Machine and Repair Co.*, 100 F. Supp. 2d at 900 (citing to *DiLeo v. Ernest & Young*, 901 F.2d 624, 628 (7th Cir. 1990). This rule applies to allegations of fraudulent conveyances. *See General Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079 (7th Cir. 1997); *see also Colman v. Greenfield*, 05 C 3894, 2005 WL 2592538, *5 (N.D. Ill. Oct. 11, 2005) (finding that plaintiff failed to meet the particularity requirements of Rule 9(b) in alleging fraudulent conveyance).

5. Counts II and III offer no grounds whatsoever for imposing liability as to Argent Mortgage Securities, and clearly fail to meet the particularity requirement of Rule 9(b). *Killingsworth*, 507 F.3d 614, 618 (7th Cir. 2007) (quotation omitted). Indeed, Counts II and III do not even *mention* Argent Mortgage Securities as a participant in the alleged wrongdoing complained of in these counts. Plaintiffs' allegations as to Argent Mortgage Securities are limited solely to one paragraph in Count I. (*See* Amended Complaint, at ¶ 32).[2]

---

[2] With respect to Count I, Argent Mortgage Securities has already filed a Motion To Enlarge Time to Answer, requesting an extension of the due date for the answer to Count I until ten days after the Court rules on this Motion.

7.     Accordingly, Defendants respectfully request that this Court enter an order dismissing Counts II and III with prejudice as to Argent Mortgage Securities.

DATED:  August 27, 2008                    Respectfully submitted,

                                           By: /s/  Thomas J. Wiegand

                                           *Attorneys for Argent Mortgage Securities, Inc.*

                                           Thomas J. Wiegand
                                           Gregory J. Miarecki
                                           David E. Dahlquist
                                           Winston & Strawn, LLP
                                           35 West Wacker Drive
                                           Chicago, Illinois  60601-9703
                                           Telephone: (312) 558-5600
                                           Facsimile:  (312) 558-5700
                                           twiegand@winston.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 27, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all parties.

                                     /s/ Thomas J. Wiegand_____
                                     Attorney for Argent Mortgage Securities, Inc.