UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROSE TERRY, TERRY WATT & ROY PARNELL, JOHANNA GUYTON, LUISA and JORGE BOLO, SELVIN and BEATRICE QUIRE, JUAN BAEZ and CRUZ RIVERA, JULIE NORADIN, ANANAIS & ETHEL COLISTER, MICHAEL COX & SUSAN LAWRENCE, RAMSES FAVELA, WENCES GARCIA & MARIA LARA, ELIZABETH HILL, ALFREDO & ANA VELIA JAIME, DENISE & CAREY LEE, DARYL MONSON, LAWRENCE MUELLER, BENJAMIN NEELEY, JOHN & CONSTANCE PUGA, JAMES SHEW, and HAROLD WELLS,

        Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY, AMERIQUEST CAPITAL CORPORATION (N/K/A SBP CAPITAL CORPORATION), ACC CAPITAL HOLDINGS, INC., AMERIQUEST MORTGAGE SECURITIES, INC., AGRENT SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, THE ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, DAWN ARNALL, WAYNE LEE, CITIFINANCIAL, CITIGROUP, CITIMORTGAGE, GREENWICH CAPITAL, WM SPECIALTY MORTGAGE, LLC, CREDIT SUISSE FINANCIAL CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R6, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R7, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R9, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R10 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES

No. 08-cv-2475

Judge Coar

Magistrate Judge Mason

JURY TRIAL DEMANDED

**DEFENDANTS THE ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, AND DAWN ARNALL'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM**

INC ASSET BACKED PASS THROUGH
CERTIFICATES 2006-R1 DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE
OF ARGENT SECURITIES INC ASSET
BACKED PASS THROUGH CERTIFICATES
2006-W3,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THE ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, AND DAWN ARNALL'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

Defendants The Roland and Dawn Arnall Living Trust (the "Trust"), The Estate of Roland Arnall (the "Estate"), and Dawn Arnall (collectively the "Arnall Defendants"), by and through their attorneys and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), hereby move to dismiss with prejudice Plaintiffs' Amended Complaint. In support of their Motion, Defendants state as follows:

1. In their Amended Complaint, Plaintiffs allege that various lenders and loan officers violated the federal Truth In Lending Act and the Illinois Consumer Fraud Act in connection with loans received by Plaintiffs. Plaintiffs further allege that the Arnall Defendants violated the Illinois Uniform Fraudulent Transfer Act ("IUFTA") by receiving over $500 million in fraudulent transfers from Ameriquest.

2. Plaintiffs' Amended Complaint names the Estate and the Trust as parties to this action. Under Illinois law, however, both lack the capacity to sue or be sued. Accordingly, this Court must dismiss the Estate and the Trust, as this Court cannot exercise personal jurisdiction over either entity.

3. This Court further lacks jurisdiction over the Trust and Dawn Arnall because Plaintiffs cannot establish that either have the necessary minimum contacts with the State to justify subjecting them to the jurisdiction of Illinois courts.

4. Even if this Court does have personal jurisdiction, it should still dismiss the Amended Complaint because it fails to state a claim upon which relief can be granted. Plaintiffs have not alleged all of the elements necessary to set forth a claim under the IUFTA. Second, with respect to Plaintiffs' claims made under Section 6 of the IUFTA, these claims must fail to the extent that Plaintiffs did not receive their loans prior to the date of the transaction.

5. In support of this Motion, the Arnall Defendants also submit a simultaneously-filed Memorandum of Law in Support of Their Motion to Dismiss.

WHEREFORE, the Arnall Defendants respectfully move this Court to enter an Order dismissing all claims brought in this action with prejudice for Plaintiffs' inability to establish personal jurisdiction pursuant to 12(b)(2) and their failure to state a cognizable claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: August 28, 2008

Respectfully submitted,

By:    /s/ Vincent P. Schmeltz III

*Attorneys for Defendants Dawn Arnall, The Roland and Dawn Arnall Living Trust, The Estate of Roland Arnall (the "Arnall Defendants")*

Alan N. Salpeter
Vincent P. Schmeltz III
Dewey & LeBoeuf LLP
180 North Stetson, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 794-8022
Facsimile: (312) 729-6522