**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROSE TERRY, TERRY WATT & ROY PARNELL, JOHANNA GUYTON, LUISA and JORGE BOLO, SELVIN and BEATRICE QUIRE, JUAN BAEZ and CRUZ RIVERA, JULIE NORADIN, ANANAIS & ETHEL COLISTER, MICHAEL COX & SUSAN LAWRENCE, RAMSES FAVELA, WENCES GARCIA & MARIA LARA, ELIZABETH HILL, ALFREDO & ANA VELIA JAIME, DENISE & CAREY LEE, DARYL MONSON, LAWRENCE MUELLER, BENJAMIN NEELEY, JOHN & CONSTANCE PUGA, JAMES SHEW, and HAROLD WELLS,

Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY, AMERIQUEST CAPITAL CORPORATION (N/K/A SBP CAPITAL CORPORATION), ACC CAPITAL HOLDINGS, INC., AMERIQUEST MORTGAGE SECURITIES, INC., AGRENT SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, THE ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, DAWN ARNALL, WAYNE LEE, CITIFINANCIAL, CITIGROUP, CITIMORTGAGE, GREENWICH CAPITAL, WM SPECIALTY MORTGAGE, LLC, CREDIT SUISSE FINANCIAL CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R6, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R7, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R9, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE

No. 08-cv-2475

Judge Coar

Magistrate Judge Mason

JURY TRIAL DEMANDED

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, AND DAWN ARNALL'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM**

SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R10 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2006-R1 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2006-W3, )

Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, AND DAWN ARNALL'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM**

## I. INTRODUCTION

Plaintiffs allege that defendants Dawn Arnall, The Roland and Dawn Arnall Living Trust ("Living Trust") and The Estate of Roland and Dawn Arnall ("Estate") (collectively hereinafter referred to as the "Arnall Defendants") received a number of fraudulent conveyances from Ameriquest Mortgage Company ("Ameriquest"). Plaintiffs further allege that Ameriquest did not receive adequate consideration for these transfers and that the transfers were completed to hinder Ameriquest's creditors.

There are four fundamental flaws with Plaintiffs' Amended Complaint warranting the dismissal of the Arnall Defendants. ***First***, Plaintiffs named, as parties to this action, the Trust and the Estate. However, under Illinois law neither are recognized as entities capable of being sued. Rather, a plaintiff must sue an executor and/or a trustee in their representative capacity in order to properly secure jurisdiction over an estate or trust.

***Second***, neither the Living Trust nor Dawn Arnall have sufficient contacts with the State of Illinois to subject them to the general jurisdiction of this Court. Nor have Plaintiffs alleged

facts sufficient to show that their action arises out of or is related to contacts by Dawn Arnall or the Trust with Illinois.

Finally, even if the Court does have personal jurisdiction over the Arnall Defendants, it should still dismiss the Complaint as to them because it fails to state a claim upon which relief can be granted. Plaintiffs have attempted to allege a fraudulent transaction involving the Arnall Defendants without any of the requisite specificity. Accordingly, this Court should dismiss the complaint against the Arnall Defendants for lack of personal jurisdiction and for failure to state a claim.

## II. STATEMENT OF FACTS

Plaintiffs allege that various lenders and loan officers violated the federal Truth In Lending Act in connection with loans received by Plaintiffs. Count II alleges that these lenders and loan officers violated the Illinois Consumer Fraud Act. Neither count makes any allegations with respect to misconduct on the part of the Arnall Defendants (and, accordingly, should be dismissed as to them). Count III alleges a violation of the Illinois Uniform Fraudulent Transfer Act, 740 ILCS Section 160/5 and 160/6. Plaintiffs allege that the Arnall Defendants received over $500 million in transfers from Ameriquest, although they fail to allege when those transfers occurred. Plaintiffs allege no facts that connect these allegedly fraudulent transfers to Illinois. This is not surprising given that, as set forth in the attached declaration, Dawn Arnall and the Living Trust have no pertinent contacts with this State, the Plaintiffs or the alleged wrongdoing.

## III. LEGAL ARGUMENTS AND AUTHORITIES

### A. <u>Plaintiffs Improperly Named As Parties to this Action Entities Who Lack the Capacity to be Sued</u>

The law of the forum state determines a defendant's capacity to be sued in federal court. Fed. R. Civ. P. 17. Under Illinois law, both an estate and a trust lack the capacity to sue or be

sued. *In re Marriage of Schauberger*, 253 Ill. App. 3d 595 (Ill. App. 1993); 760 ILCS 5/4. As such, "summons . . . cannot be served directly upon an estate or a trust." *Wisemantle v. Hull Enterprises, Inc.*, 103 Ill. App. 3d 878 (Ill. App. 1981). Rather, an action must be brought by or against an individual executor or representative and not the estate or trust itself. *Precision Components, Inc. v. Knutz, Estat*e, 112 Ill. App. 3d 309 (Ill. App. 1983).

Plaintiffs chose to name the Living Trust and Estate directly in their complaint, rather than bringing an action against the respective representatives. By doing so, Plaintiffs denied this Court the opportunity to exercise jurisdiction over either party. *See Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1082 (2001) ("The plaintiff points out that she obtained a waiver of service executed by [the administrator]. However, the execution of a waiver of service by [the administrator] did nothing to eliminate the need for the plaintiff to file an amended complaint substituting [the administrator] as a defendant in place of the [decedent]."). Although Plaintiffs allege within their Amended Complaint that Dawn Arnall is the trustee for the Trust, this does nothing to vest this Court with personal jurisdiction because "a person who sues or is sued in a representative capacity is distinct from that person in his individual capacity." *International Ins. Co. v. Certain Underwriters at Lloyd's of London*, 88 C 9838, 1991 WL 693319 (N.D. Ill. Sept. 16, 1991). Accordingly, this Court must dismiss the Estate and Trust, as neither can be sued directly under Illinois law.

## B. <u>The Complaint Should be Dismissed For Lack of Personal Jurisdiction</u>

### 1. Legal Standard for Motion to Dismiss for Lack of Personal Jurisdiction

This Court further lacks jurisdiction over the Living Trust and Dawn Arnall because Plaintiffs cannot establish that either have the necessary minimum contacts with the State to justify subjecting them to the jurisdiction of Illinois courts.

In a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of showing a *prima facie* case of personal jurisdiction for each defendant. *See Cent. States, S.E. & S. W. Areas Pension Fund v. Reimer Express World Corp,* 230 F.3d 934, 939 (7th Cir. 2000). Thus, when personal jurisdiction is challenged, the plaintiff bears the burden of proving the facts on which the existence of personal jurisdiction would depend. *HW Aviation LLC v. Royal Sons, LLC*, No 06 C 4445, 2007 WL 2875678 (N.D. Ill. 2007). Although Plaintiffs have not alleged a specific statutory basis upon which this Court would have personal jurisdiction over the Living Trust or Dawn Arnall, Plaintiffs would presumably allege jurisdiction under Illinois' long-arm statute, which permits jurisdiction where the alleged cause of action arises from, among other things, transacting business within the State.[1] Plaintiffs cannot prove facts sufficient to support personal jurisdiction for either Dawn Arnall or the Trust.

The Illinois long-arm statute extends personal jurisdiction only to the extent permitted by the Illinois Constitution and the Constitution of the United States. *See* 735 IL Comp. Stat. 5/2-209(c) (2003); *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 714-15 (7th Cir. 2002). Thus, because the Illinois long-arm statute authorizes jurisdiction to the federal constitutional limits, and because "there is little difference between the limits imposed by the Illinois Constitution and the federal limitations," personal jurisdiction can be analyzed simply on federal due process grounds. *Hyatt,* 302 F.3d at 715; *see also United Fin. Mortgage Corp. v. Bayshores Funding Corp.*, 245 F.

[1] The Court may receive and consider affidavits from both parties in deciding a motion to dismiss for lack of personal jurisdiction. *See Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 922 (N.D. Ill. 2002). Any facts contained in a defendant's affidavit, which are not refuted by the plaintiff, must be accepted as true. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Thus, where the defendant submits an affidavit contesting personal jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the existence of jurisdiction." *Purdue Research Foundation, Inc. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

Supp. 2d 884, 891-92 (N.D. Ill. 2002) (condensing the personal jurisdiction analysis into a single federal due process inquiry).

Under the federal Due Process Clause, a state court may exercise personal jurisdiction over a nonresident defendant only if the defendant has certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The critical inquiry in this analysis is whether there is some act by which the defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *See Asahi Metal Indus. Co. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 109 (1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two ways in which a forum court can exercise personal jurisdiction over citizens of diverse states: general personal jurisdiction or specific personal jurisdiction. General personal jurisdiction may be exercised over persons or entities that transact business in the forum state on a systematic and regular basis. *Helicopteros Nacionales de Colombia. S.A. v. Hall*, 466 U.S. 408, 416 (1984). However, "the doing business standard is quite high and requires a showing that the defendant is conducting business of such character and extent as to warrant the inference that the [person or entity] has subjected itself to the jurisdiction and laws of the forum." *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 849 (Ill. App. 2001). "The defendant must transact business in Illinois not occasionally or casually, but with a fair measure of permanence and continuity." *Id*. Thus, to establish general jurisdiction, the Illinois long-arm statute requires a "course of business" or "regularity of activities" as opposed to isolated or sporadic acts. *Id*.

Where general jurisdiction cannot be established, a plaintiff may still sue a defendant in the forum if specific personal jurisdiction exists. Specific personal jurisdiction may be exercised over a defendant only where the action "arise[s] out of or [is] related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 fn. 8. Consequently, this Court cannot exercise specific personal jurisdiction against the Living Trust or Dawn Arnall unless Plaintiffs first show that: 1) the Living Trust and Dawn Arnall engaged in a specific tortious act, not just any act; 2) that this tortious act took place in Illinois; and 3) that the causes of action specifically asserted against them arise from this tortious act.

**2. Because Plaintiffs Cannot Allege Sufficient Minimum Contacts with the State, this Court Lacks Personal Jurisdiction over the Living Trust and Dawn Arnall**

**a. Neither the Living Trust nor Dawn Arnall have had systematic or regular contacts with Illinois to justify general jurisidiction**

Nothing in the Amended Complaint establishes how either the Living Trust or Dawn Arnall has had any contact with Illinois, much less systematic and regular contacts sufficient to demonstrate that they purposefully availed themselves to the laws of Illinois. Plaintiffs do not allege that either the Living Trust or Dawn Arnall transacted business within Illinois on a permanent and continuous basis. Rather, the Amended Complaint is devoid of any facts suggesting that they have ***any*** connection with Illinois. In fact, the only jurisdictional fact alleged by Plaintiffs is the acknowledgement that the Living Trust and Dawn Arnall are residents of California.

Plaintiffs' inability to recite facts tying the Living Trust or Dawn Arnall to Illinois is unsurprising. Dawn Arnall has been a California resident for nearly fifteen years. She does not own, rent or possess any real property in Illinois. (Ex. A, Arnall Dec. at ¶ 2.) She is not employed in Illinois and does not personally pay any income tax to the State. (*Id*. at ¶ 5-6.) She

does not have an Illinois bank account. (*Id*. at ¶ 7.) She does not vote in Illinois elections. (*Id*. at ¶ 4.) She does not regularly visit the State. (See generally *id*.) She does not conduct any business in Illinois. (*Id*. at ¶ 8.) On these facts, simply put, Dawn Arnall cannot be subject to general jurisdiction in Illinois.

Plaintiffs fare no better in their efforts to subject the Living Trust to Illinois' general jurisdiction. In determining whether a trust is subject to Illinois jurisdiction, courts consider the provisions of the trust instrument, the residence of the trustee, the residence of the beneficiaries, the location of the trust assets and the location where the business of the trust is to be conducted. *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005, 1011 (Ill. App. 2005). An examination of the relevant factors demonstrates that jurisdiction properly lies in California and not in Illinois. For example, the trust does not conduct business in the State. (Arnall Dec. at ¶ 16.) The trustee, Dawn Arnall, is a resident of California. (*Id*. at ¶ 12.) No beneficiaries of the Living Trust live in Illinois. (*Id*. at ¶ 17.) Finally, the Living Trust is administered from California. (*Id*. at ¶ 15.)

**b. The action does not arise out of specific contacts by the Living Trust and Dawn Arnall with Illinois**

Plaintiffs have not alleged facts sufficient to show that their action "arise[s] out of or [is] related to the defendant's contact with the forum." *Helicopteros*, 466 U.S. at 414 fn. 8. As Dawn Arnall attests, she never conducted business relating to Ameriquest, the Living Trust or ACC while in Illinois. **(**Arnall Dec. at ¶¶ 9, 14.) She has never exercised any of her duties as trustee or as the Chairmen of ACC while in Illinois. She has never even traveled to Illinois in her capacity as an ACC officer or trustee. (*Id*. at ¶ 9.)[2]

[2] Even if Dawn Arnall traveled to Illinois in her capacity as a Chairman of ACC, the fiduciary shield doctrine would prohibit the court from exercising jurisdiction over her. "The fiduciary shield doctrine is a limitation on the reach of the Illinois long-arm statute that protects a non-resident defendant from being haled into court in Illinois in his individual capacity when that person's only contacts with Illinois is 'by virtue of his acts as a fiduciary of a corporation."' *Plastics Film Corp. of Am., Inc. v. UNIPAC, Inc.*, 128 F. Supp. 2d 1143, 1146 (N.D. Ill. 2001) (quoting *Van Winkle v. Owens-Corning Fiberglas Corp.*, 683 N.E.2d 985, 991 (1997); *see also, Dick Corp. v. SNC-*

Further, the only allegations as to the Living Trust and Dawn Arnall are not alleged to have occurred in Illinois. Rather, the pivotal acts alleged in the Amended Complaint relating to Plaintiffs' claim of fraudulent conveyance, if presumed true, all took place in California. Thus, specific jurisdiction does not exist here.

**C. <u>Plaintiffs' Complaint Should be Dismissed For Failure to State a Claim</u>**

Even if this Court does have personal jurisdiction, it should still dismiss the Amended Complaint because it fails to state a claim upon which relief can be granted. To state a claim in federal court, a plaintiff must "give the defendant … the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotation omitted). While the court must assume that a plaintiff's allegations are true on a motion to dismiss, the Court may disregard conclusory allegations and unreasonable inferences. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Thus, a claim requires "more than … merely creat[ing] a suspicion of a … cause of action," and more than stating "a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 U.S. 1955, 1965 (2007) (citations omitted). At the same time, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). The dismissal does not rest on whether a legal theory has been set forth in the complaint. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Rather, the relevant question is whether the facts alleged are sufficient to prove a claim as a matter of law. *Id*.

With respect to Counts I and II of the Amended Complaint, Plaintiffs have not made any allegations against the Arnall Defendants. Accordingly, those counts should be dismissed as to the Arnall Defendants.

---

*Lavalin Constructors, Inc.*, 2006 WL 1049724, *4 (N.D. Ill. April 20, 2006) ("if an individual has contact with a state only by virtue of his acts as a fiduciary of a corporation, such acts may not form the basis for the exercise of personal jurisdiction in Illinois").

Count III should also be dismissed as to the Arnall Defendants. First, Plaintiffs have not alleged that they have a creditor/debtor relationship with ACC, as they must in order to allege any fraudulent conveyance claim. This, alone, is dispositive. 740 Ill. Comp. Stat. § 160/6(a); Clamage v. Dalen, 957 F. Supp. 1037, 1040 (N.D. Ill 1997) (dismissing complaint when plaintiff failed to allege, and could not establish, that she was creditor of defendant). Second, with respect to Plaintiffs' claims made under Section 6 of the IUFTA, these claims must fail to the extent that Plaintiffs did not receive their loans prior to the date of the transaction. 740 Ill. Comp. Stat. § 160/6 ("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation . . .").

In order to state a claim under Section 6 of the IUFTA, Plaintiffs must demonstrate that the claim arose ***before*** the allegedly fraudulent transfer occurred. Here, Plaintiffs have not demonstrated that they could obtain relief under Section 6 because they have failed to allege any facts demonstrating when the purported transfers took place. Additionally, Plaintiffs seek to avoid transfers to the Living Trust from as early as 2004, even though Plaintiffs claims arose after 2005. Accordingly, the Arnall Defendants hereby incorporate and adopt by reference the legal explanation and arguments made on these points in Part III of Defendants Ameriquest Mortgage Company's, Ameriquest Capital Corporation's, ACC Capital Holdings, Inc.'s, and Ameriquest Mortgage Securities, Inc.'s Motion To Dismiss Pursuant to Rule 12(b)(6) For Failure To State A Claim.

## III. CONCLUSION

Plaintiffs failed to properly name the representatives of the Roland and Dawn Arnall Living Trust and The Estate of Roland and Dawn Arnall in their Amended Complaint. Accordingly, this Court cannot exercise jurisdiction over either the Living Trust or the Estate as neither are recognized as "persons" under the law capable of being sued. Additionally,

Defendants Dawn Arnall and the Living Trust do not have the requisite contacts with Illinois sufficient to support jurisdiction and no part of Plaintiffs' claim asserted against the Arnall Defendants arose from contacts with Illinois. Consequently, this action as to the Arnall Defendants should be dismissed for want of personal jurisdiction under Rule 12(b)(2). In addition, because Plaintiffs failed to plead facts sufficient to maintain a cause of action against the Arnall Defendants, this Court should dismiss all three counts of the Amended Complaint pursuant to Rule 12(b)(6).

DATED: August 28, 2008

Respectfully submitted,

By: /s/ Vincent P. Schmeltz III

*Attorneys for Defendants Dawn Arnall, The Roland and Dawn Arnall Living Trust, The Estate of Roland Arnall (the "Arnall Defendants"*)

Alan N. Salpeter
Vincent P. Schmeltz III
Dewey & LeBoeuf LLP
180 North Stetson, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 794-8022
Facsimile: (312) 729-6522

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE TERRY, TERRY WATT & ROY PARNELL, JOHANNA GUYTON, LUISA and JORGE BOLO, SELVIN and BEATRICE QUIRE, JUAN BAEZ and CRUZ RIVERA, JULIE NORADIN, ANANAIS & ETHEL COLISTER, MICHAEL COX & SUSAN LAWRENCE, RAMSES FAVELA, WENCES GARCIA & MARIA LARA, ELIZABETH HILL, ALFREDO & ANA VELIA JAIME, DENISE & CAREY LEE, DARYL MONSON, LAWRENCE MUELLER, BENJAMIN NEELEY, JOHN & CONSTANCE PUGA, JAMES SHEW, and HAROLD WELLS, | ) | No. 08-cv-2475 |
| | ) | Judge Coar |
| | ) | Magistrate Judge Mason |
| Plaintiffs, | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| AMERIQUEST MORTGAGE COMPANY, AMERIQUEST CAPITAL CORPORATION (N/K/A SBP CAPITAL CORPORATION), ACC CAPITAL HOLDINGS, INC., AMERIQUEST MORTGAGE SECURITIES, INC., AGRENT SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, THE ROLAND AND DAWN ARNALL LIVING TRUST, THE ESTATE OF ROLAND ARNALL, DAWN ARNALL, WAYNE LEE, CITIFINANCIAL, CITIGROUP, CITIMORTGAGE, GREENWICH CAPITAL, WM SPECIALTY MORTGAGE, LLC, CREDIT SUISSE FINANCIAL CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R6, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R7, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R9, DEUTSCHE BANK NATIONAL TRUST | ) | |

COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2005-R10 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2006-R1 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES INC ASSET BACKED PASS THROUGH CERTIFICATES 2006-W3, )

Defendants.

**DECLARATION OF DAWN ARNALL**

I, Dawn Arnall, being duly sworn according to law, under oath depose and say:

1. I am a citizen of the State of California; I am currently a resident of and domiciled in Los Angeles County.

2. I do not own, rent or possess any real property in the State of Illinois.

3. I do not maintain a residence in the State of Illinois.

4. I am not registered to vote in the State of Illinois.

5. I am not employed in the State of Illinois.

6. I do not pay personal income tax to the State of Illinois.

7. I do not have any bank accounts in the State of Illinois.

8. I do not personally conduct any business in the State of Illinois.

9. I do not travel to Illinois in my capacity as Chairman of ACC or to conduct any business relating to any Ameriquest-related entity.

10. I was not involved in either the origination or the servicing of any loans, including plaintiffs' loans, and have no relationship in any way to the plaintiffs.

11. I have never had ownership interest in, or been the trustee of, a trust administered within the State of Illinois.

12. I am the trustee of the Roland and Dawn Arnall Living Trust (the "Trust"), which in turn owns the shares of common stock of Ameriquest Capital Corporation (now known as SBP Capital Corporation) which is the parent company of ACC Capital Holdings Corporation, the parent company of Ameriquest Mortgage Company.

13. I have never traveled to Illinois in my capacity as Trustee.

14. I have never traveled to Illinois to conduct any business relating to the Trust.

15. The Trust is administered out of the State of California.

16. The Trust does not conduct business in the State of Illinois.

17. No beneficiary of the Trust is domiciled within the State of Illinois.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct. Executed on this 28th day of August, 2008.

Dawn Arnall

Dawn Arnall