# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TERRY, et al., | ) | |
| | ) | Case No.: 08 C 2475 |
| Plaintiffs, | ) | |
| | ) | Judge David H. Coar |
| vs. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| AMERIQUEST MORTGAGE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WAYNE LEE'S
## MOTION FOR PROTECTIVE ORDER

Defendant Wayne Lee requests this Court enter a protective order staying discovery from proceeding against him for three reasons. First, Lee's pending Motion to Dismiss for lack of personal jurisdiction could be waived if Lee willingly participates in merit-related discovery. Lee's motion is fully briefed and currently pending before the Court. Second, Plaintiffs have already taken Lee's deposition in closely related MDL class action litigation at a time prior to Plaintiffs opting out of the putative class – as they already deposed Lee, staying discovery of Lee would pose little if any burden on Plaintiffs. Third, Plaintiffs seek personal and confidential information protected by the "inalienable right" to privacy guaranteed by the Constitution of the State of California. As a result, no further discovery of Lee is appropriate and Plaintiffs would not be prejudiced by staying discovery so that a decision can be reached on the pending Motion to Dismiss. A protective order should issue under Federal Rule of Civil Procedure 26(c) to protect Lee from participating in Phase II Discovery.

## <u>ARGUMENT</u>

**I.      Discovery Should Not Proceed Against Lee Because He Has A Pending Motion To Dismiss For Lack Of Personal Jurisdiction, Which Can Be Affected If He Participates In Merits Discovery.**

On September 8, 2008, Lee filed a Motion to Dismiss demonstrating that, among other things, Lee lacks sufficient contact with Illinois to support personal jurisdiction over him, and indeed Plaintiffs have not alleged any such facts.  *See* Lee Mtn. To Dismiss, Dkt. 57 (filed Sept. 8, 2008).[1]  Lee's motion is still pending.[2]  The Seventh Circuit and the Northern District have held that voluntary participation in merit-related discovery can be deemed to waive an objection to a lack of personal jurisdiction.  *See Cont'l Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993) (affirming district court decision that defendant's participation in discovery on the merits without contesting personal jurisdiction constituted waiver); *Cent. States, Se. & Sw. Areas Pension Fund v. Wiseway Motor Freight, Inc.*, No. 99 C 4202, 2000 WL 1409825, at *4 (N.D. Ill. Sept. 26, 2000) (finding waiver where party initially objected to jurisdiction but participated in litigation on the merits); *Apollo Galileo USA v. Kingdom Vacations, Inc.*, No. 01 C 6847, 2002 U.S. Dist. LEXIS 11025, *5-6 (N.D. Ill. June 20, 2002) (finding waiver of personal jurisdiction challenge where defendant submitted response to summary judgment motion on the merits to the court for resolution); *cf. Maxwell v. Vertical Networks, Inc.*, No. 03 C 5715, 2005 U.S. Dist. LEXIS 7619, *37 (N.D. Ill. Mar. 18, 2005) (finding no waiver where defendant continuously objected to personal jurisdiction and only participated in discovery related to that objection).

---

[1]      Lee's Motion to Dismiss is also based on Rule 12(b)(6) failure to state a claim.  Plaintiffs' complaint contains two counts which do not even mention Lee, and a third count which fails to allege the required debtor/creditor relationship, does not sufficiently allege that any defendant attempted to defraud a creditor, and contains many alleged claims that arose after the date of the transfers complained of, and therefore cannot form the basis of a cause of action under the Illinois Uniform Fraudulent Transfer Act.  *See* Lee Mtn. To Dismiss, Dkt. 57 (filed Sept. 8, 2008) at 7-8; *see also* Dkt. No. 163.

[2]      On February 6, 2009, Lee filed second Motion to Dismiss in response to Plaintiffs' Second Amended Complaint.  (Dkt. No 163).  Both of Lee's motions to dismiss are similar because Plaintiffs did not add any factual allegations in an attempt cure any of the issues raised in Lee's original Motion to Dismiss.

At every instance Lee has maintained that this Court does not have personal jurisdiction over him. Lee first responded to the complaint in this action by filing a Motion to Dismiss based, among other things, on the lack of personal jurisdiction. (Dkt. No. 57 (Aug. 28, 2008)). Despite Plaintiffs making no substantive change in their claims against Lee, Lee filed a new Motion to Dismiss in response to the amended complaint, again demonstrating the lack of personal jurisdiction over him. (Dkt. No. 163 (Feb. 6, 2009)). Lee objected to Plaintiffs' First Set of Document requests as improper because of the lack of personal jurisdiction over Lee and he provided no substantive responses. *See* Resp. to Pls.' First Set of Document Requests at ¶ 6 (Feb. 9, 2009).

Further, even if this Court were to protect Lee from any argument of waiver as to personal jurisdiction, Lee nevertheless should be shielded from participating in discovery because he should not be placed in the contradictory position of submitting to the very personal jurisdiction that he is presently contesting. Accordingly, this Court should protect Lee from any risk of waiver of his challenges and preclude any Phase II Discovery from being conducted against him.

## II. Plaintiffs Have Already Taken Lee's Deposition In The Related MDL Litigation, Thus Plaintiffs Would Not Be Prejudiced And Discovery Of Lee Should Be Stayed.

Plaintiffs' counsel already took Lee's deposition in the related MDL Litigation. On May 9, 2007, Lee was deposed more than seven hours in a deposition that produced a transcript of almost 250 pages of testimony. That deposition was noticed and taken in the consolidated MDL litigation pending before Judge Aspen and captioned *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715, Lead Case No. 05-CV 07097 (N.D. Ill.). At that time Mr. Harris, lead Plaintiffs' counsel in this action, attended as counsel for opt-out plaintiffs

whose cases were (and still are) pending before Judge Aspen. This action had not been filed at the time, and thus Plaintiffs in this case were, at that time, putative class members in the MDL class actions and thus were represented by the class plaintiffs' counsel appointed by Judge Aspen. Thus Plaintiffs, as well as Plaintiffs' counsel, have already deposed Lee. Plaintiffs' counsel have not requested Lee's deposition in this case – if they were to seek it, Lee would oppose it.

Because Plaintiffs have already deposed Lee, staying discovery as to Lee until Lee's Motion to Dismiss is decided would not impose an undue burden on Plaintiffs. Further, if indeed Lee's motion is successful and he is dismissed from this case, Plaintiffs, Lee and the Court will be saved from bearing the costs associated with conducting this unnecessary discovery. Forging ahead with discovery against Lee "when there is a legitimate possibility that the case could be dismissed would not be an efficient use of" this Court's, Plaintiffs' or Lee's resources. *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 U.S. Dist. LEXIS 1590, *4 (N.D. Ill. Jan. 24, 2002).

It is well settled that this Court has broad discretion to control discovery. *Semien v. Life Ins. Co. of N. Am.,* 436 F.3d 805, 813 (7th Cir. 2006) (citing *McCarty v. Option One Mortgage Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004)). Indeed the Supreme Court has held that it is appropriate for district courts to limit discovery solely to jurisdictional matters. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 77, 79-80 (1988) (holding that "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."). Further, courts in the Northern District have instructed that stays of discovery "are often appropriate where the motion to dismiss can resolve the case - at least as to the moving party . . . or where the issue is a threshold one, such as jurisdiction . . . ." *Bilal v. Wolf,* No. 06 C 6978, 2007 U.S. Dist. LEXIS

41983, at *4, 5-6 (N.D. Ill. June 6, 2007) (staying discovery pending ruling on motion to dismiss); *see also Sprague v. Brook,* 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (staying discovery pending resolution of motion to dismiss re jurisdictional questions); *Cataldo*, 2002 U.S. Dist. LEXIS 1590, at *3 (staying discovery pending motion to dismiss and noting that "time-consuming and costly steps . . . will be unnecessary if the [defendant] succeeds on its motion to dismiss."). In this case, given that Lee's Motion to Dismiss is based on the threshold issue of personal jurisdiction and its resolution, if granted, would dispose of the entire litigation for Lee, a stay of merit-related discovery is appropriate.

Much like stays of discovery pending resolution of jurisdictional issues, the Seventh Circuit and other circuits have upheld stays of discovery until other dispositive motions are resolved. *See e.g. Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (finding stay of discovery proper pending resolution of immunity claim); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (quotation omitted); *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) (finding stay of discovery proper pending resolution of motion to dismiss for failure to state a claim). In *Bilal*, for example, the court delayed discovery until the defendants' motion to dismiss on the basis of immunity was resolved and explained that the parties' energies and resources should not be burdened by discovery until this "threshold question" was resolved. *Bilal*, 2007 U.S. Dist. LEXIS 41983, at *5. So too here, this Court should stay Phase II Discovery against Lee until the "threshold question" of this Court's jurisdiction is resolved. *Id*.

What is more, staying Phase II Discovery against Lee would be more efficient and less

burdensome on the Court and all parties. Northern District Courts have stayed discovery for this very reason. *See Sprague*, 149 F.R.D. at 578 ("[T]he court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the just, *speedy* and *inexpensive* determination of every action.") (quotation omitted); *Cemail v. Viking Dodge, Inc.,* No. 97 C 908, 1997 U.S. Dist. LEXIS 8990, at *2 (N.D. Ill. June 17, 1997) (holding that "[i]f the motions to dismiss are granted those defendants will be spared the expense of discovery."). Judicial economy and reducing the expense of litigation, therefore, call for this Court to exercise its discretion to limit discovery against Lee. To do otherwise would greatly prejudice Lee and waste everyone's resources.

## III. Release Of Lee's Financial And Employment Records Violates The California Right To Privacy.

The Constitution of the State of California, where Lee is a resident and was employed by Ameriquest, recognizes that its citizens have an "inalienable right" to privacy. *Board of Trustees of Leland Stanford, Jr. v. Superior Court of Santa Clara County*, 119 Cal. App. 3d 516, 524-25 (Cal. App. 1981). Plaintiffs served document requests on Lee and co-defendant Ameriquest seeking production of confidential information pertaining to Lee's finances and employment history. Plaintiffs' requests seek, *inter alia*, all documents relating to compensation, settlement agreements, shareholder distributions, employment agreements, and any transfer of monies between Lee and the co-defendants. Plaintiffs' requests thus seek categories of information protected within the "zone of privacy" by California's Constitution. *Moskowitz v. Zerner*, 137 Cal. App. 3d 313, 316 (Cal. App. 2nd 1982). ("[P]ersonal financial information comes within the zone of privacy protected by Article I, Section I of the California Constitution."); *El Dorado Savings & Loan Assn. v. Superior Court of Sacramento County*, 190 Cal. App. 3d 342, 345 (Cal. App. 1987) (holding in wrongful discharge suit, plaintiff did not demonstrate compelling need for disclosure of personnel files).

Accordingly, Plaintiffs are required to demonstrate a compelling need for the information before it is released. *Moskowitz,* 137 Cal. App. 3d at 316 citing *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 657 (Cal. 1975).  As stated in *Board of Trustees*, "[w]hen compelled disclosure intrudes on constitutionally protected areas, it cannot be justified solely that it may lead to relevant information . . . there must then be a "careful balancing" of the "compelling public need" for discovery against the "fundamental right of privacy."  *Board of Trustees*, 119 Cal. App.3d at 525-26.  California courts consistently hold that the public interest in preserving confidential information outweighs the interest of private litigants, such as Plaintiffs in this action.  *Id.* at 530; *El Dorado Savings & Loan Assn.,* 190 Cal. App. 3d at 344; *Chronicle Pub. Co. v. Superior Court*, 54 Cal. 2d 548, 566-570 (Cal. 1960); *City & County of S. F. v. Superior Court*, 38 Cal. 2d 156, 163 (1941); *State of California v. Superior Court*, 102 Cal. App. 3d 25, 29 (Cal. 1980) (disapproved with on another point); *Black Panther Party v. Kehoe*, 42 Cal. App. 3d 645, 657-658 (Cal. 1974).

As a citizen of California, Lee's financial and employment information are afforded protection under California's privacy laws.  Application of those laws would likely prevent or at a minimum limit Plaintiffs' requests.  Accordingly, if Lee's Motion to Dismiss is granted and Plaintiffs choose to maintain their suit, this case would be heard by a California court, ensuring protection of Lee's privacy interests.  Because the personal jurisdiction issue here remains unadjudicated, Plaintiffs' discovery should be stayed until a ruling has been made.  At the very least, Plaintiffs should be required to show a compelling interest that outweighs Lee's right to privacy.[3]

---

[3]  In an effort to avoid waiving personal jurisdiction, counsel to Lee limited their participation in a meet and confer to discuss pending discovery requests to challenging the pendency, rather than the substance, of the requests. In the event the Court requires Lee to participate in Phase II discovery, we respectfully request the opportunity to engage in a meet and confer as to the substance of the pending requests.

## CONCLUSION

For the foregoing reasons, Lee respectfully requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) prohibiting Plaintiffs from conducting Phase II Discovery against him. A stay will protect Lee from any risk of waiving a fundamental objection to the lack of personal jurisdiction, is within the Court's power, is efficient, and will not prejudice Plaintiffs, who already deposed Lee extensively.

DATED: March 1, 2010

Respectfully submitted,

By: /s/ Thomas J. Wiegand

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Justin L. Leinenweber
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
twiegand@winston.com

*Attorneys for Wayne Lee*

## <u>CERTIFICATION</u>

I, Thomas J. Wiegand, attorney of record for Defendant Wayne Lee, hereby offer the following Rule 26(c) and Local Rule 37.2 certification with respect to Wayne Lee's Motion for Protective Order.  As to this motion, I certify that I conducted a meet and confer via telephone with Plaintiffs' counsel on Friday, February 26, 2010.   I further certify that I have made good faith attempts at reaching an accord on all matters in the foregoing motion.

DATED:  March 1, 2010                                  /s/ Thomas J. Wiegand____

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, I filed the above and foregoing with the Court's

ECF system, and by doing so served a copy on all parties.


/s/    David E. Dahlquist_____