**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROSE TERRY, et al., | Case No. 08 CV 2475 |
| Plaintiffs, | Honorable David H. Coar |
| v. | Magistrate Judge Michael T. Mason |
| AMERIQUEST MORTGAGE COMPANY et al., | |
| Defendants. | |

**AMERIQUEST CAPITAL CORPORATION'S
MOTION FOR PROTECTIVE ORDER**

**I.     INTRODUCTION.**

Defendant Ameriquest Capital Corporation nka SBP Capital Corporation ("ACC") respectfully requests that this Court stay Phase II discovery as to ACC pending resolution of ACC's amended motion to dismiss for lack of personal jurisdiction ("Motion to Dismiss"). *See* Dkt. 156. ACC filed its Motion to Dismiss on February 5, 2009 on the grounds that, among other things, Plaintiffs fail to allege any facts to support this Court's exercise of personal jurisdiction over a foreign corporation with no meaningful contact with Illinois. ACC's motion is still pending and Plaintiffs now seek Phase II, merit-based discovery from ACC. Pursuant to Federal Rule of Civil Procedure 26(c), a protective order staying discovery is warranted because of the pendency of the Motion to Dismiss, the lack of any prejudice to Plaintiffs, and to protect ACC from unnecessary burden and expense. Further, ACC's pending Motion to Dismiss could be waived if ACC willingly participates in merit-related discovery. As such, this Court should issue a protective order staying Phase II discovery until the jurisdictional question related to ACC is resolved.

## II.  LEGAL ARGUMENT.

### A.  A Protective Order Should Issue To Prevent Undue Burden On ACC And To Promote Judicial Economy.

Courts have broad discretion and authority to stay discovery.  Under Federal Rule of Civil Procedure 26(c), Courts may enter a protective order to limit discovery as necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"  While a stay of discovery can be justified by a variety of circumstances, such a stay is especially warranted when, as here, a Court is faced with a preliminary question of law that could result in the dismissal of the case.  *See* 6 Moore's Federal Practice § 26.105 (3d ed. 2006) ("[C]ourts may exercise an important option by staying discovery pending outcome of a motion or other determination.").  "Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case - at least as to the moving party, or where the issue is a threshold one, such as jurisdiction."  *Bilah v. Wolf,* No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, *4 (N.D. Ill. June 6, 2007) (internal citations omitted).

In deciding a motion to stay discovery pending resolution of a motion to dismiss, courts may consider the burden and cost on the parties.  *See Cemail v. Viking Dodge, Inc.,* No. 97 C 908, 1997 U.S. Dist. LEXIS 8990, *2 (N.D. Ill. June 16, 1997) (holding that "[i]f the motions to dismiss are granted those defendants will be spared the expense of discovery."); *Cataldo v. City of Chicago,* 01 C 6665, 2002 U.S.Dist. LEXIS 1590 (N.D.Ill. January 23, 2002) (granting stay because "[r]equiring the City to locate, copy and redact the documents when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources, especially given the current procedural posture of the case.").  Courts also consider judicial economy when issuing stays pending resolution of motions to dismiss.  *Sprague v. Brook,* 149 F.R.D. 575, 578 (N.D. Ill. 1993) ("[T]he court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the 'just, *speedy* and *inexpensive* determination of every action.'") (emphasis in original).  Because ACC has a pending motion to dismiss for lack of personal jurisdiction, it would be unduly burdensome for ACC to respond to Plaintiffs' Phase II discovery

prior to a ruling on ACC's Motion to Dismiss. A protective order would also promote judicial efficiency and economy because the Motion to Dismiss is based on the threshold issue of personal jurisdiction and, if granted, would dispose of the entire action against ACC.

Additionally, a stay of discovery before a ruling on a motion to dismiss is appropriate when the requested discovery is unlikely to produce facts necessary to defeat the motion. *Sprague*, 149 F.R.D. at 577. Here, Plaintiffs' discovery, to the extent that it seeks relevant information, goes to Plaintiffs' substantive claims against ACC and it is unlikely that the discovery will produce facts necessary to defeat ACC's Motion to Dismiss. Moreover, even a cursory review of ACC's Motion to Dismiss reveals that ACC has a strong possibility of prevailing on the jurisdictional question as it has never conducted business in Illinois, owned any personal or real property in Illinois, maintained any office in Illinois, or ever had any other presence in, or meaningful contact with, Illinois. The high likelihood that this matter will be dismissed gives the Court all the more reason to stay discovery. Thus, this Court should exercise its broad discretion and inherent power to stay discovery until the preliminary question of jurisdiction is resolved.

### B. ACC's Personal Jurisdiction Argument Could Be Waived If ACC Participates In Merit-Based Discovery.

In addition to the potential burden and expense of providing Phase II discovery responses, ACC also risks waiving its personal jurisdiction challenge by responding to the merit-based discovery. *See Cont'l Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993) (affirming district court decision that defendant's participation in discovery on the merits without actively contesting personal jurisdiction constituted waiver); *Cent. States, S.E. & S.W. Areas Pension Fund v. Wiseway Motor Freight, Inc.*, No. 99 C 4202, 2000 WL 1409825, *4 (N.D. Ill. Sept. 26, 2000) (finding waiver where party initially objected to jurisdiction but participated in litigation on the merits); *Apollo Galileo USA v. Kingdom Vacations, Inc.*, 01 C 6847, 2002 U.S. Dist. LEXIS 11025, *4 (N.D. Ill June 20, 2002) (finding waiver of personal jurisdiction challenge by actively litigating merits of case); *Maxwell v. Vertical Networks, Inc.*, 03 C 5715, 2005 U.S.

Dist. LEXIS 7619, *36 (N.D. Ill. March 18, 2005) (recognizing that a defendant may waive personal jurisdiction objection by participating in litigation). ACC has consistently maintained that this Court does not have personal jurisdiction over it and as such, it should not be forced to risk waiving its jurisdictional argument by participating in Phase II discovery.

### III. CONCLUSION.

For the reasons set forth above, ACC respectfully requests that its motion for a protective order be granted and discovery be stayed until resolution of ACC's Motion to Dismiss.

DATED: March 1, 2010                    Respectfully submitted,

By:     /s/  Joanne N. Davies
*Attorneys for Ameriquest Capital Corporation nka SBP Capital Corporation*
Joanne N. Davies (admitted *pro hac vice*)
Buchalter Nemer
18400 Von Karman Ave., Ste. 800
Irvine, California 92612-0514
Telephone:  (415) 227-3644
Facsimile:  (415) 227-0700

- 5 -

**CERTIFICATE OF SERVICE**

      I, Joanne N. Davies, hereby certify that on this 1st day of March 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Pro Se Third Party Defendants Joan M. Pridgeon, Michael Smith and Isiah P. Ward, and James S. Schreier, Esq. and Eric P. Early, Esq., who do not receive the Notices of Electronic Filing will be served by mail.

                                                                  By:   /s/ Joanne N. Davies