**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROSE TERRY, et al., | Case No. 08 CV 2475 |
| Plaintiffs, | Honorable David H. Coar |
| v. | Magistrate Judge Michael T. Mason |
| AMERIQUEST MORTGAGE COMPANY et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DAWN ARNALL'S**
**MOTION FOR PROTECTIVE ORDER**

## I.    INTRODUCTION

Since 2008, Plaintiffs have tried on four occasions to fashion a complaint properly asserting personal jurisdiction over Mrs. Arnall. Despite conducting limited discovery specifically for the purpose of establishing jurisdiction, Plaintiffs remain unable to demonstrate that Mrs. Arnall purposefully availed herself of the laws of this State, either in her individual capacity or as the trustee of the Roland and Dawn Arnall Living Trust. Accordingly, on February 6, 2009, Mrs. Arnall moved to dismiss Plaintiffs' Second Amended Complaint. Mrs. Arnall argued that Plaintiffs had failed to provide any specific factual allegations of her Illinois contacts. Thus, she further argued, Plaintiffs could not demonstrate that Mrs. Arnall had engaged in the regular and systematic contact necessary to subject her to this Court's personal jurisdiction. Her motion is pending.

On February 11, 2010, Plaintiffs initiated "Phase II" discovery—the first substantive issue in this case implicating Mrs. Arnall. *See* Am. Sched. Order, Dkt. No. 445. In doing so, Plaintiffs have served Mrs. Arnall with sweeping document discovery that, in several instances, requests over five years worth of information. Specifically,

Plaintiffs seek **all** documents relating to: (i) money Mrs. Arnall or the Arnall Trust received from Ameriquest Mortgage Company ("AMC") or its affiliates; (ii) the operation and governance of the Arnall Trust; (iii) communications with Wayne Lee; (iv) money paid in connection with litigation involving AMC; (v) the solvency of AMC; and (vi) dividends or distributions issued by AMC to its shareholders. Plaintiffs have also indicated that they intend to depose Mrs. Arnall in the near future. Finally, Plaintiffs have served document requests upon AMC demanding the production of all documents relating to Mrs. Arnall, including financial and employment records.[1] Many of these requests violate Mrs. Arnall's constitutional right to privacy, which she enjoys as a citizen of California.

Under these circumstances, a protective order is appropriate for three reasons. *First*, requiring Mrs. Arnall to locate, copy and redact thousands of documents when there is a genuine likelihood that the Court lacks jurisdiction over her would be inefficient and costly. *Second*, by participating in discovery on the merits, Mrs. Arnall may be deemed to have consented to the jurisdiction of this Court and thereby waived her personal jurisdiction arguments. *Third*, it would be patently unfair to subject Mrs. Arnall to discovery in Illinois, when the same discovery in California (the proper forum for this case) would likely be found to violate the State's Constitution. Accordingly, Arnall requests that the Court stay discovery pending the resolution of her motion to dismiss.

---

[1] On February 26, 2010, the parties met and conferred regarding the scope of discovery. Counsel for Mrs. Arnall requested that discovery be stayed until the court ruled on the pending motion to dismiss. In an effort to avoid waiving her arguments as to personal jurisdiction, Mrs. Arnall limited her participation in a meet and confer in which the parties discussed pending discovery requests to challenging the pendency, rather than the substance, of the requests. Plaintiffs refused to delay or limit discovery. *See* Affidavit of Vincent P. Schmeltz III attached hereto as Ex. A. Based on conversation with counsel for AMC, Mrs. Arnall's counsel understands that Plaintiffs have agreed to withdraw their requests to AMC seeking Mrs. Arnall's personal financial and employment records. *Id.*

## II.    ARGUMENT

### A.    A Stay Promotes Efficiency and Economy.

Typically, a plaintiff is required to make a *prima facie* showing of personal jurisdiction before discovery is allowed. *Central State Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*., 230 F.3d 934, 946 (7th Cir. 2000). With this in mind, Courts often limit or stay discovery, pending a ruling on a motion to dismiss for lack of jurisdiction. *See, e.g., DSM Desotech, Inc. v. 3D Systems Corp. et al.,* 2008 U.S. Dist. LEXIS 87473, at *4-5 (N.D. Ill. Oct. 28, 2008). Because Mrs. Arnall has a pending motion to dismiss based on the Court's lack of personal jurisdiction over her, it would promote efficiency and judicial economy to stay discovery, as to her, until the Court rules on her pending motion.

Trial judges have extremely broad discretion when overseeing discovery. *Crawford-El v. Britton,* 523 U.S. 574, 599 (1998). The court may limit the frequency or extent of discovery otherwise allowed if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Fed. R. Civ. P.* 26(b)(2)(C)(iii). Upon motion, the court may also "limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required to protect a party or person from … undue burden or expense." *Crawford-El,* 523 U.S. at 599 (internal quotes omitted); *Fed. R. Civ. P.* 26(c)(1).

"Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in cases

such as this one, discovery may be especially burdensome and costly to the parties."
*DSM Desotech, Inc.*, 2008 U.S. Dist. LEXIS 87473, at *4-5; *see also Cemail v. Viking Dodge, Inc.*, No. 97 C 908, 1997 U.S. Dist. LEXIS 8990, at *2 (N.D. Ill. 1993); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (recognizing "the court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the just, speedy and inexpensive determination of every action"). Courts are particularly mindful of these considerations when, as here, they may not have jurisdiction over the party seeking the stay. *See, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 80-81 (1988). In such cases, "[s]tays of discovery are not disfavored and are often appropriate …." *Bilal v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983 (N.D. Ill. June 6, 2007); *see also Cataldo v. City of Chicago*, No. 01 C 6665, 2002 U.S. Dist. LEXIS, 1590, at *1 (N.D. Ill. Jan. 23, 2002) (granting stay because "[r]equiring the City to locate, copy and redact the documents when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources, especially given the current procedural posture of the case."). To this end, courts grant stays pending a motion to dismiss on jurisdictional grounds with substantial frequency. *Bilal*, 2007 U.S. Dist. LEXIS 41983, at *4.

Requiring Mrs. Arnall to participate in discovery during the pendency of a dispositive motion will result in exactly the type of judicial inefficiency that courts in this district seek to avoid. Accordingly, this Court should not require Mrs. Arnall to undertake the substantial effort and expense necessary to respond to Plaintiffs' discovery requests until such a time as the Court resolves its personal jurisdiction inquiry.

**B.     Participating In Discovery May Waive Mrs. Arnall's Personal Jurisdiction Argument.**

Courts' preference for staying discovery in situations involving a challenge to personal jurisdiction is particularly significant because a party can waive such a challenge by either expressed or implied consent. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985). Waiver may be implied through a party's participation in discovery. *Continental Bank N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *Apollo Galileo USA v. Kingdom Vacations, Inc.*, 01 C 6847, 2002 U.S. Dist. LEXIS 11025, at *4 (N.D. Ill. June 20, 2002) (finding party waived personal jurisdiction challenge by actively litigating merits of case); *Maxwell v. Vertical Networks, Inc.*, 03 C 5715, 2005 U.S. Dist. LEXIS 7619, at *36 (N.D. Ill. Mar. 18, 2005) (recognizing that a defendant may waive personal jurisdiction objection by participating in litigation).

Mrs. Arnall steadfastly maintains that her contact with the State is minimal and insufficient to subject her to the jurisdiction of this Court. She attested to the extent of her contacts in a sworn affidavit and participated in limited discovery to assuage Plaintiffs' concerns regarding the legitimacy of her jurisdictional claims. To date, she has not participated in discovery in this matter, as so-called "Phase I" discovery did not implicate her. She should not now be forced to risk waiving her arguments by having to participate in "Phase II" discovery.

**C.     Release Of Mrs. Arnall's Financial and Employment Records Violates The Right To Privacy Enjoyed By California Citizens**

In 1974, Article I Section I of the California Constitution was amended to add a specific right of privacy. Accordingly, California courts recognize that citizens of the state have an "inalienable right" to privacy. *Board of Trustees of Leland Stanford, Jr. v.*

*Superior Court of Santa Clara County*, 119 Cal. App. 3d 516, 524-25 (Cal. App. 1981). Information deemed "private" is therefore subject to heightened protections.

Plaintiffs served document requests on Mrs. Arnall and AMC in which Plaintiffs seek production of confidential information pertaining to Mrs. Arnall's finances and employment history. Although some of these requests have been withdrawn, pending requests implicate each of these categories of information, which come within the "zone of privacy" protected by California's Constitution. *Moskowitz v. Zerner*, 137 Cal. App. 3d 313, 316 (Cal. App. 2nd 1982). ("[P]ersonal financial information comes within the zone of privacy protected by Article I, Section I of the California Constitution."); *El Dorado Savings & Loan Assn. v. Superior Court of Sacramento County*, 190 Cal. App. 3d 342, 345 (Cal. App. 1987) (holding in wrongful discharge suit, plaintiff did not demonstrate compelling need for disclosure of personnel files). Accordingly, Plaintiffs are required to demonstrate a compelling need for the information before such information is released. *Moskowitz,* 137 Cal. App. 3d at 316 citing *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (Cal. 1975). As summarized in *Board of Trustees*:

> [I]t has been adjudged that inquiry into one's private affairs will not be constitutionally justified simply because inadmissible, and irrelevant matter sought to be discovered might lead to other, and relevant, evidence. When compelled disclosure intrudes on constitutionally protected areas, it cannot be justified solely that it may lead to relevant information. And even when discovery of private information is found *directly* relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a "careful balancing" of the "compelling public need" for discovery against the "fundamental right of privacy." (emphasis added).

*Board of Trustees*, 119 Cal. App. 3d at 525-26.

California courts consistently hold that the public interest in preserving confidential information outweighs the interest of a private litigant. *Id.* at 530; *El Dorado Savings & Loan Assn. v. Superior Court* 190 Cal. App. 3d at 344; *City & County of S. F. v. Superior Court*, 38 Cal.2d 156, 163 (1941); *State of California v. Superior Court* , 102 Cal. App. 3d 25, 29 (Cal. 1980) (disapproved with on another point). Mrs. Arnall therefore finds herself in a precarious position. As a citizen of California, her financial and employment information are afforded protection under the privacy laws. Application of those laws would likely prevent or limit discoverable material.

Accordingly, if Mrs. Arnall's motion to dismiss is granted and Plaintiffs choose to maintain their suit, this case would be heard by a California court, practically ensuring protection of Mrs. Arnall's privacy interests. Now, however, Mrs. Arnall might be required to disclose confidential information, which she would otherwise likely avoid, simply because the personal jurisdiction issue remains unadjudicated. Such an outcome is patently unfair and should be avoided through the implementation of a protective order. At the very least, Plaintiffs should be required to show a compelling interest that outweighs Mrs. Arnall's right to privacy.

## III.    CONCLUSION

For all the foregoing reasons, this Court should grant Mrs. Arnall's motion and enter a limited stay of discovery, pending a ruling on Mrs. Arnall's Motion to Dismiss.

Dated:  March 1, 2010

Respectfully submitted,

By____/s/ Vincent P. Schmeltz III_____
*One of the Attorneys for Defendant Dawn Arnall*

Alan N. Salpeter
Vincent L. Schmeltz III
Erin P. Ziaja
Dewey & LeBoeuf LLP
180 North Stetson, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 794-8000
Facsimile: (312) 729-6522